IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES SENATE FEDERAL CREDIT UNION,<br><br>     Plaintiff,<br><br>v.<br><br>BLUESTONE FINANCIAL GROUP, LLC,<br><br>     Defendant. | Civil No. 1:19-cv-00851-LMB-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiff United States Senate Federal Credit Union's ("USSFCU" or "plaintiff") Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 9) and Motion to Amend/Correct Memorandum in Support (Dkt. No. 14). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the plaintiff's favor for the reasons that follow.

**I. Procedural Background**

On June 25, 2019, plaintiff filed the instant action against defendant Bluestone Financial Group, LLC. ("Bluestone" or "defendant") (Dkt. No. 1). The complaint alleges that Bluestone breached a Master Servicing Agreement (the "Agreement") with USSFCU by deliberately failing to pay applicable taxes and insurance on collateral from loan escrow accounts. USSFCU is seeking to recover damages sustained as a result of this breach. Compl. (Dkt. No. 1) ¶ 1. A summons for the complaint was issued on June 26, 2019 (Dkt. No. 3), and the President and CEO of the defendant signed a waiver of service, which was returned executed on July 26, 2019. (Dkt. No. 5). Under Fed. R. Civ. P. 12(a), a responsive pleading was due 21 days after delivery of the pleadings;

however, Bluestone failed to file a responsive pleading in a timely manner. Accordingly, on September 5, 2019, the plaintiff filed a Request for Clerk's Entry of Default (Dkt. No. 7), and the Clerk of Court filed an Entry of Default (Dkt. No. 8) on September 9, 2019.

On September 24, 2019, the plaintiff filed a Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 9), along with a Memorandum in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 10). The motion was supported with a declaration from Adam Pratt (Dkt. No. 10-1).[1] On October 4, 2019, counsel for the plaintiff appeared at the hearing on their motion for default judgment and no one appeared on behalf of Bluestone (Dkt. No. 16).

**II. Factual Background**

The following facts are established by the complaint, the memorandum in support of the motion for default judgment, and the supporting declaration.

In May 2014, the parties executed the Master Servicing Agreement at issue in this case. Under the terms of this Agreement, Bluestone was required to "monitor the payment of real estate taxes, insurance, and any other escrows or reserves" and to "manage escrow and reserve accounts including disbursement of payments to third parties on behalf of [plaintiff] and to perform periodic analyses of tax and insurance escrow accounts." (Dkt. No. 1) ¶¶ 8-10. One of the loans originated by USSFCU and serviced by Bluestone was made to 82 Gillett, LLC, and is secured by real property located in Hartford, CT. USSFCU has confirmed with the city of Hartford that Bluestone has failed to pay real estate taxes on the collateral from the loan escrow account for tax years 2015, 2016, and 2017. (Dkt. No. 1) ¶ 14.

Furthermore, USSFCU learned that from January to May of 2019, Bluestone had been self-funding payments on the loan to USSFCU, because 82 Gillett had stopped making payments to

---

[1] On September 26, 2019, plaintiff filed a Motion to Amend their Memorandum in Support to fix a calculation error (Dkt. No. 14).

Bluestone due to the unpaid taxes. Bluestone allegedly self-funded these payments to hide the unpaid taxes from USSFCU. (Dkt. No. 1) ¶ 15.

Because of Bluestone's failure to pay real estate taxes on the collateral, the city of Hartford placed a lien on the collateral to secure payment of the unpaid taxes. (Dkt. No. 1) ¶ 16. As of May 2019, the unpaid balance of these taxes, including interest and penalties, was $192,349.39. USSFCU later discovered that Bluestone had not maintained a separate escrow account, had commingled funds for the loan, and was unable to pay the overdue taxes. (Dkt. No. 1) ¶ 17-19.

In May 2019, USSFCU paid the outstanding balance of this tax obligation in order to remove the lien and protect its security interest in the collateral. On May 28, USSFCU sent a letter to Bluestone stating that their failure to pay real estate taxes from the loan escrow constituted a material breach of the Master Servicing Agreement. The letter asked for a full accounting of all funds paid into escrow pursuant to the loan with 82 Gillett, a full accounting of all records and documents related to this loan, and that Bluestone immediately place all funds received pursuant to the 82 Gillett loan in an escrow account and identify this account to USSFCU. (Dkt. No. 1). ¶ 20. Bluestone never responded to this letter. *Id.* at ¶ 21.

Plaintiff sent two additional letters to Bluestone, on May 28 and May 30, 2019. These letters informed Bluestone that plaintiff considered Bluestone to be in material breach of their Agreement, that their Agreement was being terminated, that service of the loan would be transferred to CU Strategic Services, LLC ("CUSS") and that Bluestone reimburse plaintiff for the overdue taxes and penalties, as well as legal fees and costs incurred by USSFCU and 82 Gillett as a result of Bluestone's material breach. Bluestone did not respond, and to date has not responded to any of the demands of USSFCU.

3

Plaintiff alleges the Agreement was a valid and enforceable contract under the laws of Virginia, and that Bluestone is in breach of its obligations under this contract by failing to pay real estate taxes on the collateral, failing to conduct itself in accordance with the Accepted Servicing Practices, and failing to indemnify and reimburse USSFCU for payment of the unpaid taxes, legal fees, and costs.

USSFCU therefore requests the following relief:

1. Damages of $179,502.59, the outstanding balance of the delinquent taxes and penalties that USSFCU paid.

2. Attorney's fees of $14,065.00.

### III. Jurisdiction and Venue

Subject matter jurisdiction is appropriate in this Court because USSFCU and Bluestone are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This court has personal jurisdiction pursuant to Virginia's long-arm statue, and because Bluestone has been properly served.

The Virginia long-arm statute grants personal jurisdiction "as to a cause of action arising from…. [t]ransacting any business in this Commonwealth [or] [c]ontracting to supple services or things in this Commonwealth." Va. Code Ann. §§ 8.01-328.1(A)(1)-(2).  Bluestone's contract stipulates it is governed by and constructed in accordance with the laws of Virginia, and the contract requires Bluestone to regularly furnish USSFCU's principal office in Alexandria with reports on its activities and remit funds on a daily basis. (Dkt. No. 10) 4.

By obtaining a waiver from an officer of the defendant, "[p]roof of service is not required" and the Federal Rules of Civil Procedure apply as if a summons and complaint had been served at the time of the filing of the waiver. Fed. Civ. P. 4(d)(4). In keeping with the requirements of

Federal Rule of Civil Procedure 4(d), USSFCU requested that formal service be waived, and the President and CEO of Bluestone signed the waiver of formal service. *Id.* at 3.

### IV. Standard of Review

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Bluestone has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Amended complaint are deemed to be admitted.

### V. Analysis

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the complaint—and supported by the Motion for Default Judgment, declaration, and exhibits—establish that Bluestone has breached its contract with the plaintiff.

Bluestone's contract states that Bluestone was required to "monitor the payment of real estate taxes, insurance, and any other escrows or reserves, as required by, and in accordance with,

5

the Loan Documents," and to disburse payments to third parties for payment of taxes and insurance related to collateral securing the loans. (Dkt. No. 10) 6. Bluestone failed to perform these obligations, which led to the city of Hartford placing the tax lien on the collateral at issue here. *Id.* The borrower then ceased making payments as a result of Bluestone's failure to pay real estate taxes, and then Bluestone began self-funding these payments, allegedly to hide these facts from the plaintiff. *Id.* This failure to report violated Sections 2.3(b) and (h) of the contract. (Dkt. No. 1-2) 8. Bluestone has subsequently refused demands to reimburse USSFCU for the tax payment or other expenses, in violation of Section 9.1 of the contract, which requires Bluestone to indemnify and hold harmless USSFCU against losses sustained as a result of any breach by Bluestone. (Dkt. No. 1-2) 18.

As a result of the taxes and penalties which Bluestone incurred, USSFCU had to pay an out-of-pocket cost of $192,349.39. Bluestone remitted $17,446.80 to USSFCU, so $179,502.59 remains unreimbursed. (Dkt. No. 10-1) 2. Plaintiff also incurred legal fees and must reimburse the borrower's legal fees which it incurred as a result of Bluestone's actions. In total, attorney's fees and costs amount to $14,065.00.

Therefore, plaintiff has adequately alleged a claim for breach of contract against Bluestone and has sufficiently shown it incurred damages as a result.

### VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of USSFCU against Bluestone in the amount of **$179,502.59** for USSFCU's compensatory damages, and **$14,065.00** for attorney's fees and costs.

**VII. Notice**

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

October 18, 2019
Alexandria, Virginia