USSFCU IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES SENATE FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTONE FINANCIAL GROUP, LLC,<br><br>Defendant. | 1:19-cv-851 (LMB/MSN) |

## ORDER

On October 18, 2019, the assigned magistrate judge issued a Report and Recommendation ("Report") recommending that a default judgment of $193,567.59 be entered in favor of plaintiff United States Senate Federal Credit Union ("USSFCU" or "plaintiff") against defendant Bluestone Financial Group, LLC ("Bluestone" or "defendant") for breach of contract under Virginia law. At issue is the balance of delinquent real estate taxes and penalties that USSFCU paid to the city of Hartford, Connecticut to remove a lien that the city had placed on real property located there after Bluestone failed to pay real estate taxes on the property. The Report advised the parties that any objection to its findings of fact or conclusions of law had to be filed within fourteen days and that failure to file timely objections waives appellate review of any judgment based on the Report. As of November 7, 2019, neither party has filed an objection.

The Report correctly found that the Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000. The Report also correctly found that the Court has personal jurisdiction over Bluestone pursuant to Virginia's long-arm statute, Va. Code. Ann. § 8.01-328.1(A)(1)–(2), because the contract between USSFCU and Bluestone stipulated that it

was governed by Virginia law, and because the contract required Bluestone to furnish daily reports and remit daily payments to USSFCU's office in Alexandria, Virginia. Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Alexandria, Virginia. Lastly, the Report correctly found that proof of service was not required pursuant to Federal Rule of Civil Procedure 4(d)(4) because Bluestone, through its President and Chief Executive Officer, signed a waiver of formal service.

Having fully reviewed the Report, case file, and USSFCU's motion for entry of default judgment, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. The parties entered into a "Master Servicing Agreement" that required Bluestone to monitor and disburse the payment of real estate taxes related to real property securing certain loans made by USSFCU and serviced by Bluestone. Bluestone failed to perform these obligations with regard to a loan issued to Gillett, LLC, which was secured by real property located in Hartford, Connecticut. This led the city of Hartford to place a lien on the property. Subsequently, Gillett, LLC stopped making payments on the loan, and Bluestone self-funded several payments to hide that fact from USSFCU.

USSFCU paid the outstanding obligations on the property to the city of Hartford in order to protect its interest in the collateral. USSFCU then demanded reimbursement from Bluestone pursuant to a contract provision requiring Bluestone to indemnify USSFCU for losses sustained as a result of Bluestone's breach. USSFCU sent Bluestone a total of three letters regarding Bluestone's breach of contract and USSFCU's demand for reimbursement, to which Bluestone to date has not responded.

As a result of the delinquent real estate taxes and penalties incurred by Bluestone, USSFCU had to pay an out-of-pocket cost of $192,349.39 to the city of Hartford, of which

$179,502.59 remains unreimbursed. USSFCU also incurred legal fees, and must reimburse Gillett, LLC's legal fees, which amount to $14,065.00. USSFCU having adequately alleged a breach of contract claim against Bluestone, USSFCU's Motion for Default Judgment [Dkt. 9] is GRANTED, and it is hereby

ORDERED that judgment be and is entered in plaintiff United States Senate Federal Credit Union's favor in the amount of $193,567.59, which represents $179,502.59 for unreimbursed real estate taxes and penalties, and $14,065.00 for legal fees.

The Clerk is directed to enter judgment in favor of plaintiffs under Fed. R. Civ. P. 55, to forward copies of this Order to counsel of record for plaintiff and to defendant at its address of record, and to close this civil action.

Entered this 8 day of November, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3